**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0183-24

DAVID TIMPANARO,
individually and as Executor
and Administrator Ad
Prosequendum of the ESTATE
of ANTHONY J. TIMPANARO,
LIA TIMPANARO, individually
and as guardian of minor, C.T.,

     Plaintiffs-Appellants,

v.

JENKINSON'S PAVILION,
INC., a corporation of the State
of New Jersey, and JENKINSON'S
SOUTH, INC., a corporation
of the State of New Jersey,

     Defendants-Respondents.

_____

        Submitted October 20, 2025 – Decided November 21, 2025.
        Remanded by the Supreme Court March 10, 2026.
        Resubmitted May 4, 2025 – Decided May 18, 2026

        Before Judges Sabatino, Walcott-Henderson and Bergman.

Timothy J. Foley argued the cause for appellants (Sarno Da Costa D'Aniello Maceri Webb, and Foley & Foley, attorneys; Paul M. da Costa, Sherry L. Foley and Timothy J. Foley, of counsel and on the brief).

Michael C. Corcoran argued the cause for respondents (Murphy Sanchez, PLLC, attorneys; Dennis M. Marconi and Michael C. Corcoran, of counsel and on the brief).

PER CURIAM

This case returns to us by order of the Supreme Court to reconsider Timpanaro v. Jenkinson's Pavilion, Inc., 482 N.J. Super. 557 (App. Div. 2025) in light of the Court's recent opinion in Arias v. Cnty. of Bergen, 262 N.J. 479 (2026), wherein the Court expanded the definition of "premises" under the Landowner Liability Act ("LLA"), N.J.S.A. 2A:42A-3:  no longer confining its application solely to rural landscapes, but instead compelling an analysis of the subject land's "dominant character."  Guided by the Court's holding in Arias, we modify our prior opinion to conclude that the LLA applies to the beach operated by defendants, adjacent to where the decedent drowned.  We, however, reaffirm all other aspects of our prior opinion.

I.

As a preliminary matter, we adopt the extensive facts contained in our prior opinion, which need not be repeated here in detail, and therefore limit our recitation of the facts to those necessary to place our reconsideration in context.

In September 2020, plaintiffs David and Lia Timpanaro, their minor child, C.T., and then sixty-nine-year-old father and grandfather, Anthony Timpanaro ("decedent"), visited defendants' beachfront property. Timpanaro, 482 N.J. Super. at 563. The family met at defendant's parking lot, paid a fee to park, and an attendant explained, although the beach was closed for swimming, the family could "[f]eel free to go on the beach and walk and play." Ibid. As the summer season had ended, there were no lifeguards on duty. Ibid. The family walked onto the beach, "settled into beach chairs and decedent and his grandson began searching for seashells and chasing seagulls." Ibid. Plaintiffs concede they observed signs stating the "beach was closed[,] [n]o swimming" and "no swimming when lifeguards are off-duty." Ibid. (alterations in original).

Later, decedent joined Lia and C.T. at the water's edge. Ibid. According to Lia, a wave came in while they were standing on wet sand and "it was stronger than [she] thought it would have been," causing decedent to teeter with the wave and stepping back, and then losing his balance. Id. at 564. A wave engulfed

3

decedent and suddenly decedent was out in the ocean yelling for help.  Ibid.
Plaintiff entered the ocean in an unsuccessful attempt to rescue decedent, but
tragically, decedent passed away after a failed attempt to revive him by EMS.
Ibid.

Plaintiffs filed suit on May 19, 2021, alleging negligent wrongful death,
survivorship, and negligent infliction of emotional distress.  On January 3, 2024,
after discovery ended, defendants moved for summary judgment, asserting the
following:  (1) immunity under the LLA; (2) no duty to monitor the ocean or
warn the public of a dangerous condition during the beach off-season; and (3)
no duty to plaintiffs, as defendants had a legal obligation to keep the beach open
to the public.  Plaintiffs cross-moved for summary judgment, arguing
defendants' property is not a premises under the LLA, and therefore defendants
were not entitled to immunity.  Plaintiffs' further contended even if the LLA
applied, defendants were liable for willful or malicious failure to warn against a
latent dangerous condition.

On May 28, 2024, the court granted summary judgment to defendants,
concluding the LLA applied as the ocean, by its "unique form and untamable
nature," constitutes land in a natural condition that cannot be rendered safe for
recreational activity.  Timpanaro, 482 N.J. Super. at 570.  The court reasoned

4

the LLA was intended to preclude liability under circumstances where decedent observed warning signs but nevertheless entered the ocean. Ibid. The court further rejected plaintiffs' contention defendants should have closed beach access, finding defendants were obligated to maintain public access and that plaintiffs' proposed precautions were unsupported. Ibid. As to defendants' duty to warn invitees of potentially dangerous conditions, the court found plaintiffs were not invitees, nor was their parking fee consideration for entry onto the beach, both conditions to pursue claims against a landowner under the LLA. Id. at 571.

The court also denied plaintiffs' subsequent motion for reconsideration under Rule 4:49-2. In reaching its conclusion, the court briefly referenced Arias, at the time an appeal from the Law Division, which the court acknowledged was not precedent, noting that it agreed with its logic that the "premises" in this matter pertains to the beach and ocean.

Plaintiffs appealed, arguing "the court erred by: (1) holding defendants did not violate their duty to plaintiffs as a matter of law; (2) relying on factual errors, including that decedent was in the water when he was struck by the waves; and (3) applying the LLA immunity to defendants."

A-0183-24

On appeal, we affirmed the motion court's grant of summary judgment in favor of defendants but parted ways with the court's conclusion that the LLA immunity applies to defendants. Instead, we noted that under then-existing case law, defendants' beach was not "the type of rural landscape whose owners are typically entitled to immunity under the LLA." Timpanaro, 482 N.J. Super. at 577. Plaintiffs petitioned our Supreme Court for certification, which was granted, and the Court summarily remanded the matter to us, "to reconsider in light of [Arias]." Timpanaro, 263 N.J. at 49.

## II.

Our Court's recent opinion in Arias, compels us to reconsider our analysis of the LLA's application and to hold that the LLA is applicable to defendants' beach area adjacent to where decedent was swept into the ocean and drowned. In reaching this conclusion, we emphasize, as the Court did in Arias, the expanding scope of the definition of "premises" under the LLA to include lands well beyond those in mostly rural areas of our State.

In Arias, our Supreme Court first addressed whether a vast 130-acre park in Bergen County—a densely populated suburban area—constituted "premises" under the LLA, and if so, whether a rollerblader, who was injured after falling into a pothole on a paved pedestrian path, could recover against the county under

a theory of negligence. The Court held Bergen County was entitled to immunity under the LLA, construing the statute more broadly to encompass land in any surrounding environment whose "dominant character" is recreational or sporting in nature. 262 N.J. at 492. The Court explained that the county park at issue "is the type of 'premise' that the Legislature intended to protect and preserve" because "its dominant character is that of open and expansive land onto which the public is invited to recreate," a conclusion the Court found consistent with existing precedent. Id. at 494.

The Court began its analysis by engaging in an extensive review of the LLA's history, dating from its enactment in 1968, and its progeny.[1] Id. at 486-90. The Court highlighted the significance of the Legislature's 1991 amendments to the LLA, which broadened the statute's scope by directing that it "shall be liberally construed to serve as an inducement to the owners, lessees and occupants of property, that might otherwise be reluctant to do so for fear of liability, to permit persons to come onto their property for sport and recreational activities." Id. at 488 (citing N.J.S.A. 2A:42A-5.1) (emphasis omitted). The

[1] See Boileau v. De Cecco, 65 N.J. 234 (1974), Harrison v. Middlesex Water Co., 80 N.J. 391 (1979), Whitney v. Jersey Cent. Power & Light Co., 240 N.J. Super. 420 (App. Div. 1990), Toogood v. St. Andrews At Valley Brook Condo. Ass'n, 313 N.J. Super. 418 (App. Div. 1998), and Mancuso ex rel. Mancuso v. Klose, 322 N.J. Super. 289 (App. Div. 1999).

7

Court further observed that the amendments expanded the LLA's immunity protections to encompass "improved" and "commercial" premises, while also enlarging the statute's illustrative recreational activities to include "riding snowmobiles, all-terrain vehicles or dirt bikes." Ibid. (citing N.J.S.A. 2A:42A-2 to -3).

In its present form, the LLA provides:

> An owner, lessee, or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, and whether or not improved or maintained in a natural condition, or used as part of a commercial enterprise, owes no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes.
>
> [N.J.S.A. 2A:42A-3(a).]

The Court reasoned that "what began as narrow immunity for hunting and fishing in forested lands has evolved into a broader immunity that is intended to be both 'liberally construed' and to 'induce[]' landowners to create or maintain open lands for a broad and non-exclusive array of 'sport and recreational activities' without 'fear of liability.'" N.J.S.A. 2A:42A-5.1.

III.

In their supplemental brief, plaintiffs contend Arias does not alter the outcome here because "the dominant characteristic of [defendants'] property is generating revenue, not providing free public access."[2] Alternatively, plaintiffs contend that even if the LLA applies, defendants remain liable under the statute's exception for a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity." See N.J.S.A. 2A:42A-4(a).

Defendants counter that Arias compels the conclusion that the subject property constitutes a "premises" under the LLA because the year-round "dominant characteristic" of the property is recreation and sport. Defendants further argue plaintiffs' contention that the parking fee constituted consideration sufficient to create a business-invitee relationship was previously rejected by this court and should not be revisited. Notably, defendants do not address our prior observation that the property was not "the type of rural landscape whose owners are typically entitled to immunity under the LLA," Timpanaro, 482 N.J.

---

[2] Following the Court's remand, in our order dated March 17, 2026 we invited the parties to provide supplemental briefs to address the question whether the LLA applies to immunize defendants. Additionally, we scheduled and heard oral argument on May 4, 2026.

A-0183-24

Super. at 577, a premise subsequently rejected in <u>Arias</u>, 262 N.J. at 482, 485, 491.

Guided by the Court's holding in <u>Arias</u>, we reject plaintiffs' arguments as unavailing. We are satisfied that to hold otherwise would require us to ignore the import of the Court's focus on the dominant character of the land analysis. <u>See</u> <u>Arias</u>, 262 N.J. at 494 (finding that the LLA must be read broadly to recognize the declining availability of rural recreational spaces and in favor of expanding immunity to areas across our State based on the dominant character of the land). We are satisfied that our conclusion is consistent with the "dominant character of the land" analysis articulated in <u>Toogood v. St. Andrews</u> <u>Condominium Ass'n</u>, 313 N.J. Super. 418, 425-26 (App. Div. 1998), focusing on whether the property itself is primarily recreational in nature rather than the character of the surrounding environment in which it is located. In doing so, <u>Arias</u> expressly deemphasized the framework set forth in <u>Harrison v. Middlesex</u> <u>Water Co.</u>, 80 N.J. 391, 401 (1979), concerning whether the property is situated in a rural or semi-rural setting. <u>Arias</u>, 262 N.J. at 492. As the Court explained, "[w]e no longer find [the <u>Harrison</u>] factors to be particularly relevant, let alone determinative, in the context of an analysis that should be guided by whether the

'dominant character' of the subject 'premises' itself is of a type of open land conducive to engaging in sport and recreational activities." Ibid.

Consistent with this mandate, we are persuaded that the dominant character of the subject beach "itself is of a type of open land conducive to engaging in sport and recreational activities." Arias, 262 N.J. at 492. Indeed, it was the enjoyment of the beach that was the stated purpose for plaintiffs' visit to defendants' property on the day in question. Accordingly, no longer is the definition of "premises" limited to areas and types of "rural landscapes," adopting the rural element that case law had previously recognized. 262 N.J. at 491. Applying the Court's reasoning in Arias, we conclude that the beach, adjacent to where decedent drowned, is a premises covered by the LLA, even though it is not a "rural" area.[3]

We are unpersuaded by plaintiffs' contention that the property is not covered by the LLA based on the fact that a fee was charged to park plaintiffs' vehicle. Although the LLA may apply to "commercial enterprises," the fee here

---

[3] See also id. at 581-82 ("[W]e remain unconvinced by plaintiffs' arguments, and conclude that defendants were properly entitled to summary judgment as no genuine issue of material fact exist about the adequacy of the warnings."); see also id. at 586 (Sabatino, P.J.A.D., concurring) ("the defects in the signage cited by the expert were inconsequential on this record.")

was not charged to engage in a recreational activity. See N.J.S.A. 2A:42A-3(a). Rather, as it was the off-season, plaintiffs did not pay to access the beach abutting the ocean, where the incident occurred. Plaintiffs' argument that the entire property was a commercial enterprise not subject to the LLA immunity is thus unavailing. Defendants do not challenge that the LLA immunity is appropriate for their businesses located on the boardwalk; they simply contend they are entitled to immunity for incidents that occur on the beach during the off-season.

Lastly, we reject plaintiffs' contention that even if the LLA applies defendants are liable for willfully failing to warn decedent of a dangerous condition, as the LLA immunity does not extend to gross negligence or "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" under N.J.S.A. 2A:42A-4(a). As we have previously stated, "willful" within N.J.S.A. 2A:42A-4 means to be "'done deliberately or knowingly and often in conscious violation or disregard of the law, duty, or the rights of others.'" Callahan v. Tri-Borough Sand & Stone, 478 N.J. Super. 505, 514 (App. Div. 2024) (citing G.S. v. Dep't of Human Servs., 157 N.J. 161, 178 (1999)). Nothing in this record supports plaintiffs' contention that defendants

maliciously or willfully failed to warn decedent against any danger, or were consciously violative or in disregard of any law, duty, or rights of others.

Accordingly, we reaffirm the motion court's grant of summary judgment in defendants' favor and dismissal of plaintiffs' complaint. Lastly, nothing in the outcome of our majority opinion or assertions made about signage in the concurrence is affected by <u>Arias</u>.

Affirmed as modified.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0183-24